IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE RODRIGUEZ on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § | Civil Action No. |
| Plaintiffs, | § § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| LOGIK PRECISION INC & WATER JET DIVISION. | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Logik Precision Inc. & Water Jet Division (herein after collectively referred to as "Logik" and or Defendant) does not pay their CNC Lathe Machinists overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, Logik pays its CNC Lathe Machinists straight time, not time and a half, for all hours worked over forty (40), in a regular work week. Because these workers are nonexempt employees under the FLSA, Jose Rodriguez, and the other CNC Lathe Machinists are entitled to recover unpaid overtime as well as other damages, including damages for unlawful retaliation.

2. Logik has a policy, enforced at all of its locations throughout the United States, denying Plaintiff and putative class members compensation at time and a half for hours worked above forty (40) per week.

1

3. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

4. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

5. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant Logik who maintained a uniform pay policy denying overtime wages and minimum wage to its CNC Lathe Machinists.

6. Defendant Logik employs Plaintiff and putative class members at its Houston, Texas location.

7. Defendant manages Plaintiff and putative class members throughout the course and scope of their employment.

8. Putative class members are all similarly situated CNC Lathe Machinists who were hired and worked at Logik and were paid straight time instead of time and a half for hours worked above forty (40) per week during the past three years.

## JURISDICTION AND VENUE

9. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. Venue is proper because Defendant has locations in the Southern District of Texas and a substantial portion of the events forming the basis for this suit occurred in the Southern District of Texas.

## PARTIES

11. Jose Rodriguez, Plaintiff, resides in Harris County, Texas and works for Logik as a CNC Machinist. His written consent is attached.

12. Defendant Logik Precision Inc. & Water Jet Division is a Texas Corporation, doing business at its location in Houston, Texas. It may be served with process through its Registered Agent, Craig Welscher at 1111 North Loop West Suite 702, Houston, Texas 77008.

13. Plaintiff was hired and is employed by Logik at its location in Houston, Texas. The type of work performed by plaintiff is consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime and minimum wage under the FLSA.

14. The "FLSA Class Members" are all CNC Lathe Machinists who were hired and employed by Logik at its location in Houston, Texas, who were not being paid time and a half for overtime hours worked and were denied minimum wage in the last 3 years.

## FACTS

15. Plaintiff, Jose Rodriguez is an employee of Logik at Houston, Texas.

16. Defendant, Logik is engaged in the business of Water Jet cutting commercial in the greater Houston area and throughout Texas and the United States.

17. Plaintiff has worked as a CNC Lathe Machinist from October 2015 until the present time.

18. Plaintiff's primary job duty is to produce steams, valves, flanges, screws, and other parts for the Defendant.

19. Plaintiff is not an independent contractor.

20. No exemption to the provisions of the FLSA excused Defendant from its obligation under the FLSA to pay Plaintiff time and a half for all the hours worked over forty (40), in a regular work week, while employed by Defendant.

21. Logik paid Plaintiff Jose Rodriguez an hourly rate and did not compensate him for the hours he worked above forty (40) during his employment with Defendant.

22. Plaintiff was a CNC Lathe Machinist who performed work involving repetitive operations with his hands, physical skill and energy.

23. Plaintiff and similarly situated individuals are "blue collar workers," not "white collar workers" as the term is defined under Section 13(a)(1) of the FLSA.

24. Plaintiff and similarly situated individuals do not meet the FLSA Part 541 exemptions because they perform manual labor and therefore do not meet the duties test.

25. Plaintiff's primary duties include producing steams, valves, flanges, screws, and other machine parts for Defendant.

26. The work performed by Plaintiff is an integral and essential part of the services provided for Defendants' customers.

27. Defendant relies upon its CNC Lathe Machinists to perform this work for its customers.

28. Defendant Logik determines where its CNC Lathe Machinists work and how they perform their duties.

29. Logik hires, fires and supervises their CNC Lathe Machinists

30. Defendant set the CNC Lathe Machinists' hours and requires them to report to work on time and leave when they have completed their assigned work.

31. Logik CNC Lathe Machinists at all locations work exclusively for Logik since they work between 60-70 hours a week and as a practical matter, they cannot work anywhere else.

32. CNC Lathe Machinists are not permitted to hire other workers to perform their jobs for them.

33. CNC Lathe Machinists do not employ staff, nor do they maintain independent places of business.

34. CNC Lathe Machinists cannot earn a "profit" by exercising managerial skill, and their hours and assignments are determined by Logik.

35. Plaintiff and putative class members regularly work more than 40 hours in a workweek, Defendant pays them at an hourly rate and does not pay them time and a half for the overtime hours that they work.

36. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

37. In addition to Jose Rodriguez, Defendant employs approximately twenty (20) CNC Lathe Machinists at the location where Plaintiff works. These CNC Lathe Machinists work over forty hours per week and are paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members perform similar job duties and are subjected to the same unlawful pay policies. The FLSA Class Members are similarly situated to Jose Rodriguez.

38. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All CNC Lathe Machinists at any Logik location in the United States, who performed work while receiving a straight time and were not paid time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

39. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

40. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, Logik violated the overtime provisions of the FLSA, 29 U.S.C. §207.

41. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

42. Defendant owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

43. Logik knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

44. Defendant Logik, as part of its regular business practices, have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice or policy of violating the FLSA on a class wide basis, as described above.

45. Logik owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

46. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

47. Plaintiff JOSE RODRIGUEZ, on behalf of himself and all other similarly situated employees make a formal demand for jury trial in this matter.

## PRAYER

48. For these reasons, Plaintiff and Putative Class Members respectfully request that judgment be entered in their favor and the following relief be awarded:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**